**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00327-RM-STV

ORSON JUDD,

    Plaintiff,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Scott T. Varholak

This matter comes before the Court on a Motion to Dismiss [#41] filed by Defendant KeyPoint Government Solutions, Inc. ("KeyPoint"). The Court has considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that further oral argument would not materially assist in the disposition of the Motion. For the following reasons, this Court respectfully **RECOMMENDS** that KeyPoint's Motion to Dismiss be **DENIED.**

**I.   BACKGROUND**[1]

KeyPoint provides background checks for the federal government. [#1 at ¶ 4] As investigators for KeyPoint, Plaintiff Orson Judd and others performed investigations, including acquiring and interviewing witnesses and reviewing public records, and prepared reports on those investigations for KeyPoint to submit to the government. [*Id.*]

---

[1] The facts are drawn, in part, from the allegations in Judd's Complaint, which must be taken as true when considering the Motion to Dismiss. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

Investigators, including Judd, routinely worked in excess of 40 hours per week. [*Id.*] Judd alleges that KeyPoint violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by improperly classifying him and other investigators as independent contractors, enabling KeyPoint to withhold overtime wages due to them for working over 40 hours a week. [*See generally* #1]

Judd claims that KeyPoint has willfully violated the FLSA because it "has known that its classification of Investigators as independent contractors violates" the statute since at least September 2011. [*Id.* at ¶ 8] At that time, the Internal Revenue Service ("IRS") provided a determination letter to KeyPoint's chief executive officer, stating that KeyPoint "had misclassified one of its Investigators as an independent contractor rather than an employee." [*Id.* at ¶ 2] Judd alleges that KeyPoint "employs thousands of Investigators across the United States who perform the same kind of work" as the misclassified investigator, "under the same corporate-wide constraints, policies and procedures . . . that le[]d to the IRS determination." [*Id.*] Judd also alleges that KeyPoint reclassified all of its investigators in California as employees in approximately 2014, but nevertheless continues to classify investigators in other states as independent contractors, even though they perform the same work "under the same or substantially similar policies, procedures and constraints as the Investigators properly classified as employees." [*Id.* at ¶ 3] Judd worked for KeyPoint as an investigator from approximately June 2008 through September 2014. [*Id.* at ¶ 15]

### a. 2015 *Smith* Action[2]

In 2015, Richard Smith, a former KeyPoint investigator, filed a FLSA action against KeyPoint on behalf of a nationwide proposed class of similarly situated investigators in the United States. *Smith v. KeyPoint Government Solutions, Inc.*, Civil Action No. 15-cv-00865-REB-KLM (D. Colo. 2015) ("*Smith* Action"), Docket No. 1-1.[3] On April 24, 2015, that suit was transferred to the U.S. District Court for the District of Colorado. *Id.*, Docket No. 1. Judd filed a consent to join the *Smith* Action on August 20, 2015. *Id.*, Docket No. 43. Smith filed a motion for conditional certification on April 18, 2016, *id.*, Docket No. 78, which the Court denied without prejudice on April 25, 2016, *id.*, Docket No. 83. Senior United States District Court Judge Robert E. Blackburn determined that, prior to deciding the issues impacting the certification of a collective action, it would be more efficient to resolve the substantive issues raised by the motion for summary judgment filed by KeyPoint, which was also pending before the Court. *Id.* at 2.

The Court later granted KeyPoint's Motion for Summary Judgment. *Id.*, Docket No. 95. Judge Blackburn explained that Smith's claims were barred by the standard

---

[2] Because the briefing includes arguments with respect to whether a prior action in this Court tolled the FLSA statute of limitations, it is necessary to recount the procedural history in the 2015 *Smith* Action. [*See* #41 at 7; #57 at 10-13; #60 at 5-7]  The Complaint also includes factual allegations with respect to that case. [*See* #1 at ¶¶ 15, 51]; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding a court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference").

[3] The Court takes judicial notice of the proceedings in the *Smith* Action. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

two-year statute of limitations under the FLSA, and that Smith had failed to present sufficient evidence to show that KeyPoint had acted "willfully," such that a three-year limitations period applied. *Id.* at 3- 5; *see also* 29 U.S.C. § 255(a). The Court also found that Smith's motion for certification of a collective action, which had been filed nearly a year after the case was transferred to the Colorado federal district court, and 16 months after the case was originally filed, was untimely. *Smith* Action, Docket No. 95 at 6-8. The Court entered final judgment in favor of KeyPoint. *Id.*, Docket No. 97. In January 2017, the Court amended the judgment to clarify that "while [Smith's] individual claims are dismissed with prejudice as barred by limitations, the collective action claims are dismissed without prejudice." *Id.*, Docket No. 99 at 1.

### b. Instant Suit

Judd filed the instant suit in the United States District Court for the District of Arizona on March 10, 2017. [#1] Judd requests that this matter be certified as a collective action. [#1 at 18; #43] Judd seeks compensatory and statutory damages, including lost wages, earnings, and all other money owed to him and members of the collective, and an order directing KeyPoint to identify and restore restitution and compensation for lost wages to all current and former investigators classified as independent contractors, among other relief. [#1 at 18-19]

In April 2017, KeyPoint moved to transfer the action to this Court. [#9] While the case remained pending in the Arizona federal district court, Judd filed a motion for conditional certification. [#11] KeyPoint then filed a motion to stay all case deadlines, pending resolution of its motion to transfer. [#12] Concurrent with the motion to stay, the parties stipulated to a tolling agreement, which provided in part that if the transfer was

granted, Judd would "have 7 days to adjust his moving papers for conditional certification." [#12-1 at ¶ 4]

In February 2018, the Arizona federal district court granted KeyPoint's motion to transfer and transferred the instant suit to this Court. [#24]  Pursuant to the parties' stipulation, Judd re-filed his Motion for Conditional Certification in this Court on February 16, 2018. [#43]  On the same day, KeyPoint moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [#41] The Motion to Dismiss is fully briefed. [##57, 60] Additionally, the parties addressed the Motion to Dismiss, along with the Motion for Conditional Certification, at a status conference on April 10, 2018.  [#64]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not

nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III. ANALYSIS

In support of its Motion to Dismiss, KeyPoint argues that 1) Judd has failed to file a valid consent, and 2) Judd's claims are barred by the FLSA statute of limitations. [#41 at 3-7] The Court addresses each argument in turn.

### a. Consent

KeyPoint first argues that Judd has failed to file a valid consent to join this action because Judd did not reference the name of the lawsuit in his consent form, and because it is unclear whether Judd has consented to act as the named plaintiff in this suit. [#41 at 5-6] A FLSA collective action commences when a party plaintiff files his "written consent." 29 U.S.C. § 256; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [FLSA collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Accordingly, an individual's claim in a FLSA collective action dates back to when his written consent is filed, rather than to the filing of the complaint. *See id.* Plaintiffs in a FLSA suit therefore must file a valid consent form in order to toll the statute of limitations. The consent requirement applies equally to both named and

unnamed plaintiffs. *See, e.g.*, *Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. WMN-10-2336, 2013 WL 5587291, at *3 (D. Md. Oct. 9, 2013) (collecting cases).

"[C]ourts have generally not taken a strict approach with regard to the *form* of the written consent, at least with respect to named plaintiffs . . . . [A]ll that is required is a signed statement indicating the plaintiff's intent, and consent, to participate as a plaintiff in the collective action." *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 52 (W.D.N.Y. 2009); *see also D'Antuono v. C & G of Groton, Inc.*, No. 3:11cv33 (MRK), 2012 WL 1188197, at *2 (D. Conn. Apr. 9, 2012) ("While it is clear that some document in addition to the complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff."); *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 454 (D.N.J. Oct. 5, 2011) ("With respect to form, courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit."); *Perkins v. S. New Eng. Tel. Co.*, No. 3:07–cv–967 (JCH), 2009 WL 3754097, at *3 n.2 (D. Conn. Nov. 4, 2009) ("[W]hile a consent form need not take any specific form, courts have generally accepted irregular consent forms where the signed document verifies the complaint, indicates a desire to have legal action taken to protect the party's rights, or states a desire to become a party plaintiff."). Consistent with that approach, "plaintiffs have been deemed to have manifested consent," even if they did not file a document constituting a written consent form, or the specific form approved by the court. *Manning*, 817 F. Supp. 2d at 454 (citing *Mendez*, 260 F.R.D. at 52 (finding affirmation submitted by a named plaintiff sufficient to satisfy consent requirement)); *see also D'Antuono*, 2012 WL 1188197 at *4 (finding a signed affidavit sufficient, though plaintiff did not submit a written consent

form, where the court could read that document "broadly as implicitly verifying the complaint, expressing an interest that legal action be taken . . . and expressing an interest in being a party plaintiff").

Here, Judd filed a form entitled "Consent to Join Collective Action Under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C § 216(b)." [#1-2 at 2 (emphasis omitted)] In the caption of the form, the plaintiff is identified as "ORSON JUDD, individually and on behalf of all others similarly situated." [*Id.*] The footer of the document states, "Consent to Join Collective Action[,] *Judd v. KeyPoint.*" [*Id.*] In the body of the consent form, Judd describes his background working for KeyPoint, and his involvement in the *Smith* Action. [*Id.* at 3] Judd states, "I want to join this lawsuit alleging that KeyPoint has violated [FLSA] by misclassifying me and other Investigators as independent contractors rather than employees." [*Id.*] Judd describes his understanding that the suit seeks unpaid wages and overtime pay. [*Id.*] Finally, Judd notes that he "designate[s] the Plaintiff named in the Complaint as [his] representative to the fullest extent possible under applicable laws." [*Id.*] The form is signed by Judd and dated January 28, 2017. [*Id.*] The Court finds that the consent form is sufficient to constitute Judd's written consent—Judd has expressed his intent and consent to participate in the collective action against KeyPoint. *See Mendez*, 260 F.R.D. at 52.

KeyPoint argues that Judd does not explicitly note that *he* is in fact the named plaintiff, and that Judd's statement that he "designate[s] the Plaintiff named in the Complaint as [his] representative," demonstrates that "Judd never consented to act as the Named Plaintiff." [#41 at 5] But KeyPoint cites to no authority suggesting that Judd was required to state that he is the named plaintiff. And other courts have rejected this

very argument. As one court explained, it is irrelevant if the plaintiff "does not explicitly claim to be a named plaintiff in the action," especially when "the caption on h[is] signed declaration states as much." *D'Antuono*, 2012 WL 1188197, at *3; *see also Faust*, 2013 WL 5587291, at *5 ("The Court declines to read the consent requirements of Sections 216 and 256 so strictly as to require that a plaintiff explicitly state 'I consent' or 'I am the named Plaintiff' in order to join a collective action under the FLSA.  Rather, a signed declaration that manifests a clear intent to be a party plaintiff is sufficient . . . ." (quotation omitted)).  That reasoning applies with equal force here—Judd's consent form clearly is captioned with the name of the lawsuit, which bears his name: "ORSON JUDD, individually and on behalf of all others similarly situated, Plaintiffs."  [#1-2 at 2] Though Judd refers to designating the named plaintiff as "[his] representative," when he himself is that named plaintiff, in light of the caption with Judd's name, and the footer of the consent document also indicating that Judd is the named plaintiff, the Court finds that Judd's third-person reference to himself was quite simply a mistake or typographical error.

KeyPoint also argues that Judd mistakenly states in his consent that the *Smith* Action was still pending at the time he signed the consent form. [#41 at 5]  Though the *Smith* Court entered the amended final judgment on January 20, 2017, *Smith* Action, Docket No. 100, and Judd's consent form in this matter was signed on January 28, 2017 [#1-2 at 3], KeyPoint offers no explanation as to how this discrepancy impacts Judd's consent in this case, and the Court finds that it does not.

9

Accordingly, the Court concludes that Judd filed a valid consent form on March 10, 2017.[4] [*See* #1-2]

**b. Statute of Limitations**

KeyPoint next argues that Judd's claims are barred by FLSA's two-year statute of limitations. [#41 at 6-7] KeyPoint further contends that the alternative three-year statute of limitations does not apply because KeyPoint did not willfully violate FLSA. [*Id.*]

Pursuant to 29 U.S.C. § 255(a), FLSA actions are subject to a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Because Judd has adequately pleaded a willful violation of the FLSA by KeyPoint, his claims are timely under the FLSA three-year statute of limitations and the Court need not decide whether Judd's claims were tolled by the *Smith* Action.[5]

---

[4] Though Judd's consent form is dated January 28, 2017 [#1-2 at 3], a FLSA collective action commences "on the date when the complaint is filed," when the individual "is specifically named as a party plaintiff in the complaint" and the "written consent to become a party plaintiff" is filed on that date. 29 U.S.C. § 256(a). Because Judd was specifically named as a party plaintiff in the complaint filed on March 10, 2017, and the consent accompanied that complaint, the instant FLSA action commenced on March 10, 2017.

[5] In his opposition to the Motion to Dismiss, Judd argues that his claims also fall within the two-year statute of limitations because the limitations period was tolled when he filed his notice of consent in the *Smith* Action. [#57 at 10-13] In a FLSA collective action, courts toll the statute of limitations from the time each plaintiff files their consent to opt in, to the time each plaintiff "must pursue their claim individually because of dismissal from the collective action or a court's decision to decertify the class." *Ford v. Navika Capital Grp., LLC*, No. 14-00311-KD-C, 2016 WL 1069676, at *12 (S.D. Ala. Mar. 17, 2016) (collecting cases); *see also Arnold v. Navika Capital Grp., LLC*, No. 14-CV-378-GKF- FHM, 2015 WL 12990468, at *3 (N.D. Okla. July 1, 2015) ("[T]he filing of a putative class action tolls the statute of limitations for all asserted members of the class up to the time the court decides not to certify, or to decertify, the class.") (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974)). The tolling rule is adopted

An employer acts willfully for purposes of the FLSA if it "either [knows] or show[s] reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011). "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Mumby*, 636 F.3d at 1270 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)). Courts have found willful violations where the evidence showed:

> (1) admissions that an employer knew its method of payment violated the FLSA prior to the accrual of the action; (2) continuation of a pay practice without further investigation after being put on notice that the practice violated the FLSA; (3) earlier violations of the FLSA that would put the employer on actual notice of the

---

from the United State Supreme Court's decision in *American Pipe and Construction Company v. Utah*, which held that "commencement of the original class suit" tolls the running of the statute of limitations "for all purported members of the class" until after the denial of the class certification motion. 414 U.S. at 554. Although *American Pipe* involved a Fed. R. Civ. P. 23 class action suit, which commences at the time the complaint is filed, rather than when each individual plaintiff files an opt-in form, courts have repeatedly applied *American Pipe* to the FLSA collective action context. *See, e.g.*, *Ford*, 2016 WL 1069676, at *12 ("In the context of a FLSA collective action . . . courts have applied the *American Pipe* rule by tolling the statute of limitations between the time each individual opt-in plaintiff consents to the suit and the time each opt-in plaintiff must pursue their claim individually because of dismissal from the collective action or a court's decision to decertify the class." (collecting cases)).

The Supreme Court recently clarified that the *American Pipe* rule only tolls a putative class member's future *individual* claims—it does not allow a putative class member to file a new class action after the statute of limitations has expired. *China Agritech, Inc. v. Resh*, No. 17-432, 2018 WL 2767565 (U.S. June 11, 2018). If that holding were found to apply in the FLSA context, particularly in light of the FLSA tolling decisions that have relied on *American Pipe*, Judd would not be entitled to assert another FLSA collective action beyond the statute of limitations despite tolling by *Smith*—only his claims as an individual could proceed. In other words, if the Court finds that Judd has not adequately pleaded a willful FLSA violation by KeyPoint, such that the two-year statute of limitations applies, and if the Court were to find that *China Agritech* applies here, any tolling from the *Smith* Action could only save Judd's individual claims, not his claims on behalf of the collective.

11

> Requirements of the FLSA; (4) failure to keep accurate or complete records of employment; and (5) prior internal investigations which revealed similar violations.

*Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 688 n.1 (S.D. Tex. 2013) (quotation omitted).

Courts have repeatedly held that at the motion to dismiss stage, the plaintiff's burden to allege a willful FLSA violation is minimal. Even a "general averment of willfulness satisfies the requirements of pleading a willful violation of the FLSA, so as to invoke the three-year statute of limitations" at the pleading stage. *Litras v. PVM Int'l Corp.*, No. 11-cv-5695 (JFB)(AKT), 2013 WL 4118482, at *6 (E.D.N.Y. Aug. 15, 2013); *see also Woodards v. Chipotle Mexican Grill, Inc.*, No. 14-cv-4181 (SRN/SER), 2015 WL 3447438, at *9 (D. Minn. May 28, 2015) (same); *Davis v. W. Wayne Sch. Dist.*, No. 3:07cv1906, 2008 WL 11366358, at *2 (M.D. Pa. May 9, 2008) (finding conclusory allegation that defendant acted willfully, without allegations of the particular facts upon which the purportedly willful behavior was based, sufficient to survive a motion to dismiss); *Svoboda v. Tri-Con Indus., Ltd.*, No. 4:08CV3124, 2008 WL 4754647, at *2 (D. Neb., Oct. 27, 2008) (same) (collecting cases). This is because the question of whether an alleged FLSA violation is willful is not an element of the plaintiff's claim, but rather an anticipation of a limitations defense that defendant may raise. *See, e.g.*, *Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 491 (D. Md. 2017) (collecting cases); *see also Woodards*, 2015 WL 3447438, at *9 ("[A]n affirmative defense of a statute of limitations violation often involves a factual inquiry, meaning it is not generally amenable to resolution on a Rule 12(b)(6) motion." (quotation omitted)).

At this early stage of the proceedings, Judd has plausibly pleaded that KeyPoint willfully violated the FLSA. Judd alleges that KeyPoint has known that its classification of investigators as independent contractors violates the FLSA since at least September 2011, when the IRS determined that KeyPoint had improperly classified an investigator in California as an independent contractor "when in fact he was an employee." [#1 at ¶ 8; *see also* ¶¶ 2, 62] Judd further alleges that in 2014, KeyPoint reclassified all of its investigators in California as employees. [*Id.* at ¶ 3] Judd claims that, in other states, KeyPoint nevertheless continues to classify investigators as independent contractors, "even though they do the same kind of work under the same or substantially similar policies, procedures and constraints" as the California investigators now properly classified as employees.[6] [*Id.*] In short, Judd has pleaded specific facts in support of

---

[6] Judd further alleges that KeyPoint reclassified its California investigators as employees "[a]s a result of" a class action suit filed by Michael Sgherzi, the investigator that the IRS determined KeyPoint had misclassified, in California state court. [#1 at ¶¶ 8, 62]; *see Sgherzi v. KeyPoint Gov't Solutions, Inc.*, Case No. BC487486 (Cal. Superior Ct.) ("*Sgherzi* Action"). The Court takes judicial notice of the *Sgherzi* Action. *See Hodgson*, 675 F. App'x at 841. The *Sgherzi* Action was resolved in a Class Action Settlement Agreement and Joint Stipulation, which specifically stated that its terms would not "be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants." [#60-2 at ¶ 36] Moreover, in approving the agreement, the California state court ordered that the agreement, the order approving it, "or any other Order entered in this action . . . shall not be offered in evidence in any action or proceeding against Defendant . . . in any court . . . for any purpose whatsoever." [#60-1 at ¶ 10] Accordingly, the Court agrees with KeyPoint that Judd cannot rely on the *Sgherzi* proceedings as evidence of KeyPoint's willfulness [#60 at 3-4]. *See, e.g.*, *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 4911238, at *10 (N.D. Cal. Nov. 13, 2008) (holding that a settlement agreement by defendant in an earlier case was not admissible for purposes of showing willfulness under the FLSA because the parties to the earlier settlement agreed that it could not be admitted in any proceeding as an admission by defendant). Nevertheless, Judd's other allegations of KeyPoint's willfulness are sufficient to withstand the instant Motion to Dismiss, for the reasons discussed above.

his allegations that KeyPoint acted willfully—more than what is required at this stage of the proceedings. *See Aviles-Cervantes*, 276 F. Supp. 3d at 491.

KeyPoint counters that the IRS Determination letter is insufficient to support an allegation of willfulness by KeyPoint because that determination is not binding and did not apply FLSA standards. [#60 at 2-3] But courts have held that analogous IRS determinations may in fact bear on the issue of willfulness under the FLSA, at least where the individuals subject to the IRS determination were litigants in the later FLSA action. *See, e.g.*, *Werner v. Bell Family Med. Ctr., Inc.*, No. 3:09 C 0701, 2012 WL 1514872, at *2 (M.D. Tenn. May 1, 2012) (finding, in denying a motion in limine, IRS' determination that plaintiff was an employee and not an independent contractor for federal tax purposes "theoretically could be probative of Defendants' willfulness, good faith, and knowledge or notice of the alleged FLSA violations, as well as Plaintiff's damages"). By the same token, other courts have found that alleged FLSA violations for misclassifying workers as independent contractors were *not* willful, where the IRS had previously determined that the defendant had *properly* classified workers as independent contractors. *See, e.g.*, *Blair v. TransAm Trucking, Inc.*, No. 09-2443-EFM-KGG, 2018 WL 1523101, at *36 (D. Kan. Mar. 28, 2018) (plaintiff had failed to demonstrate willfulness under the FLSA where defendant presented evidence that the IRS had previously determined, and the Department of Labor had confirmed, that defendant had properly classified workers as independent contractors); *Contreras v. Aventura Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV-DIMITROULEAS, 2014 WL 11880993, at *7 (S.D. Fla. June 30, 2014) (finding plaintiff was not entitled to summary judgment on the issue of willfulness because the jury could find that

defendants made an adequate inquiry as to FLSA compliance by relying on an IRS audit); *Kelly v. A1 Tech.*, No. 09 Civ. 962 (LAK)(MHD), 2010 WL 1541585, at *18 (S.D.N.Y. Apr. 12, 2010) (holding plaintiff had failed to demonstrate that defendant's alleged FLSA violation was willful, and noting that "defendant only considered plaintiff to have been an employee, as opposed to an independent contractor, pursuant to an I.R.S. determination of plaintiff's employment status"). Accordingly, Judd is entitled to rely on the IRS determination in support of the willfulness allegations here.

Citing to the *Smith* Action, KeyPoint also argues that this District has already determined that KeyPoint did not act willfully in treating investigators as independent contractors. [#41 at 6-7] In *Smith*, Judge Blackburn granted KeyPoint's Motion for Summary Judgment and dismissed plaintiff Richard Smith's individual claims. *Smith* Action, Docket No. 95. The Court held that Smith had failed to present any evidence "comparable to that which has been found sufficient to show willfulness under the FLSA." *Id.* at 5. Instead, Smith had simply argued that "defendant showed reckless disregard by classifying some of its workers as independent contractors and other as employees, despite the fact that all investigators do the same type of work subject to the same type of controls." *Id.* KeyPoint presented evidence to explain the rationale behind treating some investigators as employees and others as independent contractors, which Smith did not rebut. *Id.*

The finding that Smith did not present sufficient evidence to show KeyPoint's willfulness is inapposite here for several reasons. First, that finding was made under Fed. R. Civ. P. 56—not pursuant to the significantly lighter burden posed to a plaintiff by a Rule 12(b)(6) motion to dismiss. *See, e.g., Lagasse v. Flextronics Am., LLC*, C.A. No.

11-445ML, 2012 WL 2357442, at *3 (D.R.I. June 1, 2012) ("While Plaintiff may ultimately be unable to prove a willful violation (or withstand a Rule 56 challenge), the applicable standard at [the motion to dismiss] stage is 'plausibility' and not 'likely success on the merits'"), *report and recommendation adopted*, 2012 WL 2357641 (D.R.I. June 20, 2012). Second, that finding was specific to the arguments and evidence presented by Smith. *See, e.g.*, *Smith* Action, Docket No. 95 at 5 ("*Plaintiff presents no evidence here comparable to that which has been found sufficient to show willfulness under the FLSA.*" (emphasis added)); *id.* (holding no reasonable jury could find that KeyPoint had acted willfully where Smith had "cite[d] no authority, and the court ha[d] found none," to rebut evidence presented by KeyPoint that its disparate treatment of contractors was based on business strategy). Finally, Judd has made additional allegations here regarding KeyPoint's willfulness that were not made by Smith in the prior action, including contending that KeyPoint was put on notice of its improper practices by the IRS determination letter, and noting that all investigators in California, who perform essentially the same work as Judd and other investigators, have since been re-classified as employees. [*See, e.g.*, #1 at ¶¶ 2-3, 8, 62] *Cf. Smith* Action, Docket No. 3.

For these reasons, and for the purposes of the instant Motion to Dismiss, the three-year FLSA statute of limitations applies. The parties agree that Judd's cause of action accrued in September 2014, when he stopped working as an investigator for KeyPoint. [*See* #41 at 7; #57 at 12] Judd filed his consent form in the instant action on March 10, 2017. [## 1, 1-2] Because Judd has plausibly alleged willfulness, and

because he filed his consent to join in the instant action within three years of the accrual of his claims against KeyPoint in September 2014, his FLSA action is timely.

## IV. Conclusion

For the foregoing reasons, this Court respectfully **RECOMMENDS** that KeyPoint's Motion to Dismiss [#41] be **DENIED**.[7]

DATED: June 20, 2018

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[7] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).