**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-00327-RM-STV

ORSON JUDD,

    Plaintiff,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,

    Defendant.

---

## ORDER
---

This matter is before the Court on Defendant's Unopposed Motion to Dismiss Claims of 23 Untimely Plaintiffs pursuant to Rule 12(c) (the "Motion") (ECF No. 221). By Order dated October 27, 2020 (ECF No. 223), the Court gave notice to the parties that the Motion would be converted to a motion for summary judgment and allowed the parties to supplement the Motion, if they wished to do so. Defendant filed a supplement on November 3, 2020 (ECF No. 224). No further filings have been received and the time to do so has expired. After reviewing the Motion, the supplement, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

Plaintiff Orson Judd's ("Judd") collective action complaint under the Fair Labor Standards Act ("FLSA") was filed March 10, 2017. In the complaint, Judd alleges that Defendant KeyPoint Government Solutions, Inc. ("KeyPoint") misclassified its investigators as

independent contractors when they were employees. Accordingly, Judd claims that KeyPoint owes overtime wages to its investigators.

The Court granted conditional certification of collective action members, notices were given, and 367 individual consents to join were filed. Of the 367 consents, KeyPoint contends that 307 of those individuals are subject to arbitration. Moreover, although the parties agreed to toll the statute of limitations for 468 days, Defendants contend – and Plaintiffs[1] do not dispute – that the statute of limitations nonetheless bars the claims of 23 of the individuals who have joined this action. At issue now is Defendant's Motion seeking relief under Fed. R. Civ. P. 56.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132,

---

[1] By "Plaintiffs," the Court is referring to Judd and all individuals who have consented to join this action.

1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

In a summary judgment context, federal courts, may "take judicial notice, whether requested or not (Fed. Rules Evid. Rule 201, 28 U.S.C.A.) of its own records and files, and facts which are part of its public records." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

### III. DISCUSSION

Under the FLSA, an action must be filed within two years after the action accrues. 29 U.S.C. § 255(a). However, if the defendant's alleged violation of the FLSA was "willful," the statute of limitations is extended to three years. *Id.* KeyPoint argues that, assuming, arguendo, the three-year statute of limitations applies, the claims of the following 23 opt-ins are barred even with the tolling of the statute of limitations. The Court agrees.

In this case, the undisputed material facts show that (1) after applying the maximum statute of limitations of three years, (2) based on the 23 opt-in Plaintiffs' last dates of engagement[2] and dates of when their consents to join were filed, and (3) the 468 days of the tolling of the statute of limitations, (4) the longest possible statute of limitations has run. As aptly summarized by KeyPoint, those facts are as follows:

| No. | Last Name | First Name | Engagement End Date | CTJ Filed (*see* ECF No. 179) | Tolling Date | 3 Year SOL Date | 2 Year SOL Date |
|---|---|---|---|---|---|---|---|
| 1. | Aguilar | Jose | 3/6/2015 | 8/19/2019 | 4/20/2018 | 4/21/2015 | 4/20/2016 |
| 2. | Akana | Legran | 5/7/2015 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |

---

[2] This is the last date in which the particular opt-in Plaintiff performed any services for KeyPoint.

3

|     |           |              |           |           |           |           |           |
| --- | --------- | ------------ | --------- | --------- | --------- | --------- | --------- |
| 3.  | Alvarez   | Elizabeth A. | 2/9/2015  | 9/3/2019  | 5/5/2018  | 5/6/2015  | 5/5/2016  |
| 4.  | Amentas   | Peter        | 3/10/2015 | 7/31/2019 | 4/1/2018  | 4/2/2015  | 4/1/2016  |
| 5.  | Baird     | Denise M     | 3/16/2015 | 9/23/2019 | 5/25/2018 | 5/26/2015 | 5/25/2016 |
| 6.  | Baxter    | Peter        | 3/24/2015 | 8/9/2019  | 4/10/2018 | 4/11/2015 | 4/10/2016 |
| 7.  | Bernt     | Gustaf C     | 4/20/2015 | 9/23/2019 | 5/25/2018 | 5/26/2015 | 5/25/2016 |
| 8.  | Covington | Jeffrey      | 3/4/2015  | 8/2/2019  | 4/3/2018  | 4/4/2015  | 4/3/2016  |
| 9.  | Doyle     | James        | 3/17/2015 | 8/19/2019 | 4/20/2018 | 4/21/2015 | 4/20/2016 |
| 10. | Forsythe  | Nicole       | 2/11/2015 | 8/26/2019 | 4/27/2018 | 4/28/2015 | 4/27/2016 |
| 11. | Harris    | Irvin        | 6/17/2014 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |
| 12. | Helms     | Gina C.      | 3/5/2015  | 9/3/2019  | 5/5/2018  | 5/6/2015  | 5/5/2016  |
| 13. | Henning   | Michael P.   | 4/28/2015 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |
| 14. | Idso      | Marvin       | 3/15/2015 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |
| 15. | Laskowski | Jerome       | 2/18/2015 | 8/2/2019  | 4/3/2018  | 4/4/2015  | 4/3/2016  |
| 16. | Morris    | Bruce W.     | 4/7/2015  | 9/30/2019 | 6/1/2018  | 6/2/2015  | 6/1/2016  |
| 17. | Opyd      | Sandra       | 2/17/2015 | 9/30/2019 | 6/1/2018  | 6/2/2015  | 6/1/2016  |
| 18. | Pastuch   | Jason        | 2/26/2015 | 8/19/2019 | 4/20/2018 | 4/21/2015 | 4/20/2016 |
| 19. | Radtke    | William      | 3/30/2015 | 8/9/2019  | 4/10/2018 | 4/11/2015 | 4/10/2016 |
| 20. | Raffray   | Jeanette S   | 3/24/2015 | 9/23/2019 | 5/25/2018 | 5/26/2015 | 5/25/2016 |
| 21. | Rosen     | Gregory      | 3/12/2015 | 8/9/2019  | 4/10/2018 | 4/11/2015 | 4/10/2016 |
| 22. | Sherrill  | Tommie       | 3/27/2015 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |
| 23. | Tyson     | Charlie R.   | 2/15/2015 | 9/17/2019 | 5/19/2018 | 5/20/2015 | 5/19/2016 |

(ECF No. 221, p. 5.) Accordingly, the Court finds summary judgment should be granted in favor of KeyPoint. *See United Gov't Sec. Officers of Am. Int'l Union v. Am. Eagle Protective Serv. Corp.*, 956 F.3d 1242, 1243 (10th Cir. 2020) (affirming district court's grant of summary judgment in favor of employers as plaintiffs' claims were barred by statute of limitations).

## IV.   CONCLUSION

Based on the foregoing it is **ORDERED**

(1) That Defendant's Unopposed Motion to Dismiss Claims of 23 Untimely Plaintiffs pursuant to Rule 12(c) (ECF No. 221), converted to a motion for summary judgment under Fed. R. Civ. P. 56, is GRANTED; and

(2) That the following 23 opt-in Plaintiffs are hereby dismissed with prejudice as their claims are barred by the statute of limitations:

(a) Jose Aguilar (Dkt. No. 155-2 pp. 11-12);

(b) Legran Akana (Dkt. No. 163-1, p. 91);

(c) Elizabeth Alvarez (Dkt. No. 158-1, p. 8);

(d) Peter Amentas (Dkt. No. 141-2, pp. 31-32);

(e) Denise Baird (Dkt. No. 168-1, p. 25);

(f) Peter Baxter (Dkt. No. 153-3, pp. 13-15);

(g) Gustaf Bernt (Dkt. No. 168-1, p. 37);

(h) Jeffrey Covington (Dkt. No. 145-1, pp. 35-36);

(i) James Doyle (Dkt. No. 155-1, pp. 59-60);

(j) Nicole Forsythe (Dkt. No. 157-1, pp. 71-72);

(k) Irvin Harris (Dkt. No. 163-1, p. 56);

(l) Gina Helms (Dkt. No. 158-1, pp. 16-17);

(m) Michael Henning (Dkt No. 163-1, p. 99);

(n) Marvin Idso (Dkt. No. 163-1, p. 97);

(o) Jerome Laskowski (Dkt. No. 145-1, pp. 38-39);

(p) Bruce Morris (Dkt. No. 173-1, p. 15);

(q) Sandra Opyd (Dkt. No. 173-2, pp. 36-37);

(r) Jason Pastuch (Dkt. No. 155-2, pp. 5-6);

(s) William Radtke (Dkt. No. 153-3, pp. 49-51);

(t) Jeanette Raffray (Dkt. No. 168- 1, p. 47);

(u) Gregory Rosen (Dkt. No. 153-1, pp. 28-30);

(v) Tommie Sherrill (Dkt. No. 163-1, p. 137); and

(w) Charlie Tyson (Dkt. No. 163-1, p. 32).

**SO ORDERED**.

DATED this 8th day of December, 2020.

                          BY THE COURT:

                          RAYMOND P. MOORE
                          United States District Judge