IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-00327-RM-STV

ORSON JUDD,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,
a Delaware corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the parties' Renewed Joint Motion for Approval of FLSA Collective Action Settlement (the "Renewed Motion") (ECF No. 227). After considering the Renewed Motion, and being otherwise fully advised, and for the reasons stated herein, the Renewed Motion is denied without prejudice.

**I.    BACKGROUND.**

The parties are well-versed with the background which precedes this Order, so it will not be repeated here. Instead, the Court focuses on the Renewed Motion. This is the parties' second request for Court approval of their proposed settlement of this FSLA action. The Court also denied their first motion without prejudice, raising some issues of concern. (ECF No. 226.) While the Renewed Motion appropriately addresses those concerns, the parties' revisions or amendments raise other mainly procedural questions. The Court addresses them below.

II.     DISCUSSION

***The Release Language – Exhibit A.*** Exhibit A is the "Release Form" which will appear on the back of the settlement payment check. The parties proposed the following to be inserted:

> I previously consented to having my wage claims prosecuted in this litigation and I now understand that by signing, dating, and endorsing this check, I am bound by bound by the Release contained in Paragraph 70-71 of the Settlement Agreement and Release of Claims.

(ECF No. 227-2, p. 21 (red added).) The highlighted language should be corrected.

***The Revised Notice – Exhibit B.***  The parties' revised Notice addresses the concerns the Court raised in its earlier order. The Notice advises Plaintiffs of the Court's preliminary approval, their right to object, and of a "fairness" hearing before final approval. However, the Court notes two minor issues: (1) the reference to Section IX in Section III – there is no Section IX in the Notice – should be to Section VIII; and (2) the reference in Section VIII that the parties may examine the record in this case at the Arraj Courthouse. As to the latter, due to the COVID-19 pandemic, Plaintiffs (and the public in general) currently may not examine documents at the Courthouse. Thus, this should be revised so that Plaintiffs are to contact Plaintiffs' counsel if they want any further information or documentation.

***The Settlement Agreement and Release of Claims.***[1] The Court understands the proposed Agreement to provide the following. Generally, after the Court holds a fairness hearing and enters any final approval, and all appeals resolved or appeal rights have expired, the "Final Effective Date"[2] is reached. The following then occurs:

---

[1] The Court notes that are other minor issues with the Agreement. For example, paragraph 80 refers to paragraph 85 when it appears it should refer to paragraph 81, and there are no paragraphs numbered 92-97 or 99. Those issues are not material obstacles to the preliminary approval of the proposed Agreement.
[2] As defined in the Agreement.

2

| Date | Event | Source/Reference |
|---|---|---|
| Five calendar days after Final Effective Date | Defendant will pay $1.5 Million to the Third-Party Administrator ("TPA") for distribution. | Agreement, ¶ 37. |
| | TPA will pay the counsel fees and costs which the Court has approved. | Agreement, ¶ 56. |
| | TPA will pay the service payments approved by the Court. | Agreement, ¶ 67. |
| Ten calendar days after Final Effective Date | TPA will mail and email the *Notice* to Plaintiffs. | Agreement, ¶ 42. |
| 30 days after initial mailing of *Notice* | TPA to mail settlement payment (presumably only to those with proper W-9s). | Agreement, ¶ 50. |
| 180 days after date payments mailed are postmarked | Deadline for Plaintiffs to negotiate checks. Failure to do so results in unclaimed funds being distributed *cy pres*. | Agreement, ¶ 51. |
| Five calendar days + 12 months[3] | TPA to maintain sufficient funds to satisfy all claims. If any Plaintiff fails to return a properly executed W-9 within that time period, he/she will have no right to payment. | Agreement, ¶ 47. |

  Thus, under the Agreement, the proposed Notice will be sent *after* the Final Effective Date even though that Notice advises of the *preliminary* approval and the right to object. It appears, however, that the Notice should be sent *prior* to the hearing and that a separate "notice" may be sent after the hearing and any final approval, perhaps with the settlement checks. The

---

[3] The Agreement does not specifically provide when the 12 months start to run but it follows it can only begin to run after the TPA receives the settlement funds from Defendant.

Court leaves these logistical issues for the parties to work out. At bottom, the Notice cannot be sent after the Final Effective Date – it must be sent after preliminary approval and before any final approval.

### III.  CONCLUSION

As stated, the parties have addressed the Court's prior concerns. Further, on an initial review of the Renewed Motion, the Court anticipates it may preliminarily approve the parties' proposed settlement should a request for approval be renewed. Any renewal, however, should address the mainly procedural matters raised above.

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the Renewed Joint Motion for Approval of FLSA Collective Action Settlement (ECF No. 227) is DENIED WITHOUT PREJUDICE; and

(2) That Defendant's Motion to Compel Arbitration (ECF No. 182) is DENIED WITHOUT PREJUDICE with leave to refile should the settlement not be approved.

DATED this 23rd day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge