IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-00327-RM-STV

ORSON JUDD,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,
a Delaware corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on the parties' Renewed Joint Request for Approval of FLSA Collective Action Settlement (the "Renewed Request") (ECF No. 233). This is the parties' third motion seeking preliminary approval of their proposed settlement of this action. The parties' two prior motions (ECF Nos. 222 & 227) were denied without prejudice by the Court. (ECF Nos. 226, 231.) After consideration of the Renewed Request, the prior motions, the prior orders, and being otherwise fully advised, the Court finds and orders as follows.

## I.    THE RENEWED MOTION

The Court previously set forth the nature of this action and the standards for preliminary approval, which it incorporates by reference, so they will not be fully repeated here. (*See* ECF No. 226.) In summary, the parties have now addressed the Court's concerns raised in its previous orders. Among other things, the parties have submitted a proposed revised settlement, by amending the original Settlement Agreement and Release of Claims found at ECF No. 227-2 and

revising the contents and timing of their proposed Notice to be given (revised agreement, hereafter, "Settlement Agreement"). And, after consideration of the documents, the Court finds preliminary approval may be given.

### A. Final Certification

After considering the "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations," *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (quotation marks and citation omitted), the Court finds final certification is appropriate. Here, the Court finds no disparate factual or employment settings of Opt-in Plaintiffs which would preclude final certification. In addition, Defendant's defenses to the Opt-in Plaintiffs' claims for independent contractor misclassification and unpaid overtime are unified. And, finally, fairness and procedural considerations warrant phase 2 certification of the settlement collective members (the "Collective Members").

### B. Bona Fide Dispute, Fair and Equitable, and Reasonable Attorney's Fees

The parties litigated this case for more than three years before reaching the proposed collective action settlement currently before the Court. During the litigation, the Court became familiar with the claims, defenses, competing facts and legal theories presented by the parties, as well as the work of counsel in presenting them. The history of this case shows that the parties conducted significant discovery, motion practice, and investigation to support and vet their positions. And, after mediation and continued negotiations, the parties reached the proposed settlement.

Under the terms of the Settlement Agreement, Defendant will pay a non-reversionary settlement amount of $900,000 to the Collective Members, plus an additional $600,000 for

2

attorneys' fees and costs, subject to the Court's approval. (Settlement Agreement at ¶ 19.) Additionally, Defendant will separately pay the costs of settlement administration. (*Id.*) The motions for preliminary approval, in combination, weigh many factors including the benefits of settlement; the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risks presented by trial, appeals, and maintaining collective action status; and the extent of discovery completed. As stated, the subsequent motions for preliminary approval respond to the concerns raised by the Court regarding certain modifications and clarifications needed before approval may be granted. After consideration of all relevant factors, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, contains a reasonable award of attorneys' fees ($508,398.84 in fees plus $91,601.16 in costs), and supports the purposes of the FLSA. *See Cooper v. OFS 2 Deal 2, LLC*, No. 15-cv-01291-RM-NYW, 2016 WL 1071002, at *2 (D. Colo. Mar. 17, 2016); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.*, No. 13–CV–01649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014).

In addition, the Court finds a service award of $7,500 each for Orson Judd and Kristin Hettler is reasonable in light of their substantial assistance in this case which benefited the Collective Members. *Shahlai v. Comcast Cable Commc'ns Mgmt., LLC*, No. 16-CV-2556-WJM-NRN, 2020 WL 3577395, at *3 (D. Colo. July 1, 2020) (factors for consideration in incentive award include "(1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation.").

### C. Appointment of Settlement Administrator

The Court finds JND Legal Administration may be appointed as Settlement Administrator. As stated, Defendant shall separately pay the costs of settlement administration.

### D. Notice and Opportunity to Object

The Court finds that the proposed plan of providing notice to the Collective Members is reasonable and appropriate. Collective Members will receive a notice that informs them of the nature of the action; the essential terms of the Settlement Agreement; the service awards that would be taken out of the settlement amount before distribution to the Collective Members; the amount each Plaintiff will receive under the Settlement Agreement and the allocation formula; how to obtain additional information regarding the case and settlement; and the amount of attorneys' fees and costs preliminarily approved, which are being separately paid by Defendant. The Notice will be sent by U.S. Mail and email to the extent email addresses are available. In addition, the Notice invites Collective Members to update their home addresses in advance of the mailing of the settlement payments and submit an updated W-9 form if needed. Additionally, pursuant to this Court's January 8, 2021 Order (ECF No. 226), the Notice includes a provision that the Opt-in Plaintiffs will have an opportunity to object to the settlement as part of the notice process before a final decision is made on final settlement approval. Furthermore, prior to mailing the notices, the Settlement Administrator will perform additional address searches to confirm the accuracy of the addresses of Plaintiffs through the United States Post Office's National Change of Address database. The Court finds that the proposed notice is the best means of providing notice to the Collective Members under the circumstances.

### E. Fairness Hearing

The Court will hold a fairness hearing to determine whether to grant final approval of the settlement. The hearing is set for Monday, August 16, 2021, at 9:00 a.m. Due to the COVID-19 pandemic, the Court has set forth below how the parties, Collective Members, and the public may attend the hearing.

At the hearing, the Court will determine whether to dismiss with prejudice all claims encompassed by the Settlement Agreement, in accordance with the release of claims provided under the Settlement Agreement, and retain jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order, including the interpretation and enforcement of the terms of the settlement, settlement administration matters, and such post-judgment matters as may be appropriate under applicable rules or as set forth in the Settlement Agreement. If and when there is final approval, the Court will separately enter a Judgment and Dismissal of this Action, subject to the Court's continuing jurisdiction and consistent with the terms of this Order.

## II. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Renewed Joint Request for Approval of FLSA Collective Action Settlement (ECF No. 233) is GRANTED;

(2) That the Settlement Agreement and Release of Claims, as modified, is preliminarily approved;

(3) That the parties shall comply with and implement the Settlement Agreement in accordance with its terms;

(4) That a fairness hearing shall be held on **Monday, August 16, 2021, at 9:00 a.m.** at the Alfred A. Arraj Courthouse, 901 19th Street, Courtroom A601, Sixth Floor, Denver, Colorado 80294;

(5) That counsel shall appear in-person at the hearing;

(6) That any Collective Member objecting to the proposed settlement shall appear in-person[1] at the hearing;

(7) That all other Collective Members and the public may listen to the hearing by calling **Toll Free: 888-636-3807,** with **Access Code: 4296144#**;

(8) That Mr. Judd and Ms. Hettler may, if they wish, attend in-person, by video teleconference ("VTC")[2], or by calling the public line; and

(9) That, on or before **August 2, 2021**, the parties shall file a status report notifying the Court of the name and number of any objectors to the proposed settlement.

DATED this 27th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The parties are advised that, depending on the number of objectors and the status of the COVID-19 pandemic, the Court may require objectors to appear via video conference rather than in-person for the hearing. The Court will provide notice of any change as soon as practicable.

[2] Instructions for VTC attached. Any person who is authorized to appear by VTC, and wishes to do so, is strongly encouraged to contact the Court's courtroom deputy, Cathy Pearson (Cathy_Pearson@cod.uscourts.gov), to test the VTC system prior to the date of the hearing.