# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 18-cv-00327-RM-STV

ORSON JUDD,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,
a Delaware corporation,

    Defendant.

## JOINT MOTION FOR FINAL APPROVAL OF
## FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiff Orson Judd ("Judd"), individually and on behalf of all others similarly situated, and Defendant KeyPoint Government Solutions, Inc., ("KeyPoint" and together with Judd, the "Parties") respectfully request that this Honorable Court enter an order approving, as fair, reasonable, and adequate, the settlement of this collective action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"). The Court previously preliminarily approved the settlement, finding it to be a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," that it "contains a reasonable award of attorneys' fees," and that it "supports the purposes of the FLSA." (April 27, 2021 Order, ECF No. 234, at 3.) Following issuance of the Court's preliminary approval order, the claims administrator issued notice of the settlement to 332 individuals. None of these individuals objected to the settlement. As such, the Parties now seek final approval of their collective action settlement. A proposed Final Order and Judgment Entry is attached as Exhibit 1.

I.  BACKGROUND

   A.  Factual Allegations

KeyPoint conducts security clearance background investigations and performs other services on behalf of the U.S. government. Judd and Hettler performed investigative services for KeyPoint and KeyPoint classified them (and the other opt-in Plaintiffs) as independent contractors. *See* Compl. ¶ 10, ECF No. 1. Judd's complaint (and Ms. Hettler's arbitration demand) alleges that KeyPoint violated the FLSA by misclassifying Contract Investigators, including Judd and Hettler, as independent contractors and by failing to pay overtime wages. *Id*. ¶¶ 59-60. KeyPoint denies that it misclassified any individuals as independent contractors, and denies any liability to Judd, Hettler, or other opt-in Plaintiffs who subsequently joined the litigation, or any other investigator, for any overtime wages or other damages. KeyPoint further states that most of the Opt-In Plaintiffs are the subject of a pending Motion to Compel Arbitration (ECF No. 182) and would likely be compelled to mandatory individual (non-collective) arbitration. Plaintiffs have opposed the Motion to Compel based on a dispute as to who is responsible for paying the filing fees for the arbitrations. (ECF No. 189.)

   B.  Overview of Litigation and Settlement Negotiations

On March 10, 2017, Judd filed his complaint against KeyPoint, alleging a putative collective action under the FLSA, 29 U.S.C. § 201 et seq. on behalf of himself and other Contract Investigators. *See generally*, Compl. ECF No. 1.

In December 2018, the Court conditionally certified a collective of Contract Investigators and, at the end of the notice period, Plaintiffs' counsel filed a total of 378 consents to join, 307 of whom KeyPoint contends are subject to binding arbitration. Declaration of Joshua Konecky, ECF No. 222-1, at ¶¶ 39, 53; Supplemental Declaration of Joshua Konecky ("Konecky Supp. Decl."), ECF No. 227-1, at ¶ 3. The parties agreed to participate in mediation for the Opt-in Plaintiffs who

did not have binding arbitration agreements or who were not otherwise subject to KeyPoint's pending Motion to Compel Arbitration. Konecky Decl., ECF No. 222-1, at ¶ 66. They had two days of formal mediation under the direction of experienced mediator Hunter Hughes, followed by subsequent arms-length negotiations, and eventually reached a settlement agreement in August 2020. *Id.* ¶¶ 69-73. Under the terms of the agreement, Mr. Judd and the other 331 Opt-In Plaintiffs[1] whose last day of service with KeyPoint was within the applicable statute of limitations will receive $900,000.[2] KeyPoint will also separately pay $600,000 to cover attorneys' fees and litigation expenses incurred by Plaintiffs in this case, plus the settlement administration costs. *Id.* ¶¶ 77, 84. All of the Plaintiffs who remain in this case are part of the Agreement to resolve the matter.

In October 2020, and January 2021, the parties submitted Joint Motions for Approval of FLSA Collective Action Settlement (ECF Nos. 222 & 227), which the Court denied without prejudice (ECF Nos. 226 & 231). The parties then submitted another Renewed Joint Request for Approval of FLSA Collective Action Settlement on April 16, 2021. ECF No. 233. The Court granted final certification of the collective and granted preliminary approval of the settlement on

---

[1] The total number of Opt-In Plaintiffs, including Mr. Judd, who are covered by the Settlement is 332. A detailed accounting of this is set forth in the Supplemental Declaration of Joshua Konecky (ECF No. 227-1) at ¶¶ 3-9.

[2] The statute of limitations for bringing overtime claims under the FLSA is a minimum of two years from the last date the alleged employee worked for the defendant without receiving the required overtime. This two-year period can be extended to three years if the alleged employee demonstrates a "willful" violation. Additionally, the statute of limitations particular to this case was tolled for an additional 486 days because of delays associated with resolving KeyPoint's motion to transfer venue, motion for reconsideration of the order conditionally certifying the collective, and disputes concerning the 216(b) notice. In total, the statute of limitations for each Opt-In Plaintiff, if Plaintiffs prove a willful violation of the FLSA, is 4 years and 121 days before the date on which that Opt-In Plaintiff submitted his or her consent to join. KeyPoint filed an unopposed motion to dismiss the 23 Opt-ins whose claims accrued outside the applicable statute of limitations, which the Court granted on December 8, 2020. ECF No. 225.

April 27, 2021. ECF No. 234. The Court noted that the parties litigated this case for more than three years before reaching settlement, during which they "conducted significant discovery, motion practice, and investigation to support and vet their positions." April 27, 2021 Order, ECF No. 234, at 2. The Court considered "all relevant factors," including "the benefits of settlement; the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risks presented by trial, appeals, and maintaining collective action status; and the extent of discovery completed." *Id.* at 3. After that consideration, "the Court conclude[d] that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, contains a reasonable award of attorneys' fees ($508,398.84 in fees plus $91,601.16 in costs), and supports the purposes of the FLSA." *Id.* The Court further found that "a service award of $7,500 each for Orson Judd and Kristin Hettler [wa]s reasonable in light of their substantial assistance in this case which benefited the Collective Members." *Id.*

The Court further found that JND Legal Administration may be appointed as the Settlement Administrator, and directed the parties to send notice to the remaining Plaintiffs, informing them of the nature of this action, the essential terms of the settlement agreement, the service awards and attorneys' fees and costs, the formula to determine the amount and the amount each Plaintiff would receive, how to obtain additional information regarding the case and settlement, and other information. *Id.* at 4.

The Parties engaged JND Legal Administration ("JND") as the Settlement Administrator. *See* Declaration of Jennifer M. Keough (hereinafter "Keough Decl.") attached as Exhibit 2, at ¶ 1. JND was provided with a list that contained the names and last-known mailing addresses and, to the extent available, email addresses for the 332 members of the collective. Keough Decl. at ¶ 2. In addition, prior to mailing the notices, JND performed additional address searches to confirm the

accuracy of the addresses of Opt-In Plaintiffs through the United States Post Office's National Change of Address database. *Id.* ¶ 3.

On May 7, 2021, JND mailed by first-class mail, and emailed to the extent email addresses were available, the Court-approved "Notice of Settlement for Opt-In Plaintiffs" to members of the collective action. *Id.* ¶ 4. On May 24, 2021, at counsel's request, JND completed a second mailing of the notices. *Id.* ¶ 5. As of the date of this filing, three of the initially mailed notices were returned as undeliverable without a forwarding address, as well as three of the notices from the second mailing. *Id.* ¶ 6. In addition, JND tracked fifteen of the emailed notices returned as undeliverable. *Id.* The notices included all of the information required to be included by the Court's April 27, 2021 Order. *Id.* In addition, the notice informed Opt-In Plaintiffs of the claims they would release if the settlement is approved. *Id.* ¶ 7. The notice gave Opt-In Plaintiffs 45 days, until June 21, 2021, to object to the settlement, and it informed Opt-In Plaintiffs of the Fairness Hearing to be held in this matter, including information on how to attend if Opt-In Plaintiffs so desired. *Id.* at ¶ 8. To date, no Opt-In Plaintiffs have objected to the settlement. *Id.* at ¶ 9.

Having completed the notice process, the parties now move this Court for final approval of the settlement.

## II.     ARGUMENT

### A.     The Court Should Grant Final Approval of the Settlement

The parties seek final approval of a settlement under section 216(b) of the FLSA. Final approval is appropriate where: "(1) the settlement was achieved in an adversarial context; (2) the plaintiffs are represented by attorneys who can protect their rights; (3) the settlement reflects a reasonable compromise over issues that actually are in dispute;" "(4) the settlement [is] fair"; and the settlement contains an "award of reasonable attorney fees and costs when judgment in favor of the plaintiffs is entered." *Geiger v. Z-Ultimate Self Def. Studios LLC*., No. 14-CV-00240-REB-

NYW, 2017 WL 11550109, at *2 (D. Colo. July 6, 2017) (citing *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 - 1355 (11th Cir. 1982).

As the Court explained in its April 27, 2021 Order granting preliminary approval of the settlement, and as further discussed below, application of those factors to this settlement demonstrates that the Court should grant final approval of the settlement.

### 1. The Settlement Was Achieved in an Adversarial Context

As the Court previously noted, the parties actively litigated this case prior to settlement. The parties litigated this case for more than three years before reaching settlement, during which they "conducted significant discovery, motion practice, and investigation to support and vet their positions." April 27, 2021 Order, ECF No. 234, at 2.

The parties disputed whether KeyPoint misclassified Judd and others as independent contractors instead of employees and failed to pay them overtime wages for working more than 40 hours per week. Both parties recognized that if Judd's allegations were proven correct, KeyPoint would be faced with the prospect of a monetary judgment, as well as an obligation to pay litigation fees and costs incurred by him. They also recognized that if KeyPoint's arguments were proven correct, then Judd would recover no money, and may be required to pay Defendant's costs.

The parties on both sides were represented by competent counsel throughout this litigation. They evaluated the likely costs of ongoing litigation and arbitration and the risks associated with that and determined that settlement was advisable. Where cases are litigated for three years, the parties engage in substantial discovery, and are represented by experienced wage-and-hour lawyers, courts find this element satisfied. *See, e.g.*, *Geiger*, 2017 WL 11550109, at *2.

### 2. Plaintiffs Are Represented by Attorneys who can Protect Their Rights

Plaintiffs' counsel are among the leading employment and class action attorneys in

California and nationwide. *See* Konecky Decl., ECF No. 222-1, at ¶¶ 121-22, Exs. 4-5. They have experience in class actions, FLSA, and other wage-and-hour matters, and have successfully prosecuted several class and complex cases. *Id.* at 122. This case required experienced and competent lawyers and expertise in the issues presented herein, and Plaintiffs' counsel fulfilled that need. *See id.* ¶¶ 115, 121-32, 144. Plaintiffs' counsel was involved in developing the factual record throughout this case. *See, e.g.*, *id.* ¶¶ 126-29. Where plaintiffs' attorneys are "experienced counsel who are well-versed in the law and the legal and factual issues" of their cases, courts find that Plaintiffs are adequately represented. *See, e.g.*, *Geiger*, 2017 WL 11550109, at *2.

### 3. The Settlement Is Fair and Reflects a Reasonable Compromise Over Issues That Are Actually in Dispute

As set forth in the parties' joint motions for preliminary approval of the settlement, the settlement was of a "bona fide" dispute, and represented a fair and reasonable compromise. ECF Nos. 222 & 227. To avoid unnecessary duplication of briefing, the parties will not recite all of those arguments, but incorporate them herein. The Court has also concluded on those bases that that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions . . ., and supports the purposes of the FLSA." April 27, 2021 Order, ECF NO. 234, at 3.

In short, the settlement agreement is fair and reasonable because it was negotiated through arms-length settlement negotiations that included two mediation sessions with a nationally recognized and respected wage and hour mediator. There was no fraud or collusion between the parties in reaching the settlement. Instead, the settlement resulted in providing significant relief to Opt-In Plaintiffs and eliminated the risks inherent to both sides if litigation and arbitration were to continue. Moreover, the parties agreed that the settlement would be a fair and reasonable compromise of their disputes, and it would not frustrate the purposes of the FLSA. Under such circumstances, Courts routinely find that settlement agreements are fair and reasonable. *See*

*Geiger*, 2017 WL 11550109, at *3 (where serious questions of law and fact exist, "placing the ultimate outcome of this litigation in doubt," where the settlement's value "outweighs the mere possibility of future relief and protracted and expensive litigation," and where counsel for the parties "believe the Settlement is a fair and reasonable resolution of the claims," the settlement is "fair, reasonable, and adequate"); *see also In re Molycorp, Inc. Sec. Litig.*, No. 12-CV-00292 (RM/KMT), 2017 WL 4333997, at *4 (D. Colo. Feb. 15, 2017) (collecting cases and finding that "Utilization of an experienced mediator during the settlement negotiations supports a finding that the settlement is reasonable, was reached without collusion and should therefore be approved"); *In re Qwest Comms. Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009) ("The presence of such doubt [of the result of litigation] augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility no recover after long and expensive litigation."); *Quintanilla v. A&R Demolition, Inc.*, No. CIV.A. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (where both parties agree to an FLSA settlement "that weighs in favor of approval" because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation."

Further, the fact that not a single Opt-In Plaintiff objected to the settlement underscores that the settlement is fair and reasonable and should be approved. *Geiger*, 2017 WL 11550109, at *3 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002)).

This Court previously considered "all relevant factors," including "the benefits of settlement; the strength of the case; the risk, expense, complexity, and likely duration of further litigation; the risks presented by trial, appeals, and maintaining collective action status; and the extent of discovery completed," and held that the settlement is fair and reasonable. April 27, 2021 Order, ECF No. 234, at 3. It should not disturb its initial finding.

### 4. The Settlement Includes a Reasonable Request for Attorneys' Fees and Costs

The settlement further included a reasonable request for attorneys' fees and costs. As the Court previously held, the award of $600,000 in fees and costs ($508,398.84 in fees plus $91,601.16 in costs) was reasonable. April 27, 2021 Order, ECF No. 234, at 3. The FLSA permits any judgment to include an award of reasonable attorney's fees and the costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiffs here can be considered prevailing parties entitled to recover attorneys' fees and costs because they secured a judicially enforceable settlement that achieves a benefit sought by the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 433 (1983) *superseded by statute on other grounds*. In addition, of the relevant factors for reasonableness of attorneys' fees weigh in favor of the $600,000 award. By way of example, Plaintiffs' experienced counsel spent nearly 2,300 hours investigating and litigating this case, and charged a rate adjusted to the Denver, Colorado market. *See* Konecky Decl. ¶¶ 117, 143; *see also* ECF No. 222 at 16-23 (further detailing the reasonableness of the attorneys' fees and costs award). Plaintiffs' counsel had to exercise billing judgment, removed unnecessary billing entries, and were precluded from accepting other work. The fees and costs to Plaintiffs' counsel is reasonable. *See Geiger*, 2017 WL 11550109, at *4-5 (using a lodestar amount adjusted to the market and reducing unnecessary hours results in a reasonable attorneys' fee award).

### 5. The Service Fees Are Reasonable and the Notices Were Issued in a Manner that Will Protect Plaintiffs' Rights.

Finally, the service fees of $7,500 to Judd and Hettler are reasonable compensation for the assistance they provided in preparing this case. April 27, 2021 Order, ECF No. 234, at 3 (citing *Shahlai v. Comcast Cable Commc'ns Mgmt., LLC*, No. 16-CV-2556-WJM-NRN, 2020 WL

3577395, at *3 (D. Colo. July 1, 2020)). And the notices were issued to Opt-In Plaintiffs in a reasonable and appropriate manner. The Settlement Administrator, JND, followed the Court's approved method and substance for providing notice. JND made efforts to confirm the accuracy of the addresses of Opt-In Plaintiffs, as instructed by the Court, and mailed and emailed notices to each of the Opt-In Plaintiffs. Very few such notices were returned as undeliverable, and not one of the Opt-In Plaintiffs objected to the settlement. Given these circumstances, the notice was sufficient, and final approval is appropriate. *See, e.g.*, *Geiger*, 2017 WL 11550109, at *3 (notice is sufficient where it explains "the nature of the action . . ., the settlement amount, individual class members' estimated minimum recovery, the attorney fees requested, how settlement payments will be calculated, and the claims that will be released," as well as "how the class members could submit claims, exclude themselves, or object to the terms of the settlement").

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court issue an order (1) finally approving the settlement; (2) approving Judd's request for attorneys' fees, costs, and expenses; and (3) dismissing this lawsuit with prejudice.

Respectfully submitted,

By: */s/ Margaret Parnell Hogan*
    Margaret Parnell Hogan
    LITTLER MENDELSON, P.C.
    1900 16th Street, Suite 800
    Denver, CO  80202
    Telephone:  (303) 629-6200
    Facsimile:   (303) 629.0200
    Email:  mphogan@littler.com

    Jacqueline E. Kalk
    LITTLER MENDELSON, P.C.
    80 South 8th Street, Suite 1300
    Minneapolis, MN  55402
    Tele:  (612) 313-7610
    Fax:   (763) 647-7964
    Email:  JKalk@littler.com

ATTORNEYS FOR DEFENDANT
KEYPOINT GOVERNMENT
SOLUTIONS, INC.

By: /s/*Joshua G. Konecky*
    Joshua G. Konecky
    SCHNEIDER WALLACE COTTRELL
    KONECKY LLP
    200 Powell Street, Suite 1400
    Emeryville, California 94608
    Telephone: 415-421-7100
    ljoyner@schneiderwallace.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2021, a true and correct copy of the foregoing **JOINT MOTION FOR FINAL FLSA COLLECTIVE ACTION SETTLEMENT** was filed and served via CM/ECF on the following:

Joshua G. Konecky
Leslie H. Joyner
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, CA  94608
jkonecky@schneiderwallace.com
ljoyner@schneiderwallace.com

ATTORNEYS FOR PLAINTIFFS

/s/ *Patricia Perez*
Patricia Perez