# Exhibit 1

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 18-cv-00327-RM-STV

ORSON JUDD,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

KEYPOINT GOVERNMENT SOLUTIONS, INC.,
a Delaware corporation,

    Defendant.

## [PROPOSED] ORDER AND JUDGMENT ENTRY FOR FINAL APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiff Orson Judd ("Judd"), individually and on behalf of all others similarly situated, and Defendant KeyPoint Government Solutions, Inc., ("KeyPoint" and together with Judd, the "Parties") have jointly moved the Court for final approval, as fair, reasonable, and adequate, the settlement of this collective action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA").

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of FLSA Collective Action Settlement ("Joint Motion for Approval"), the Declaration of the Settlement Administrator appended thereto, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES, AND DECREES as follows:

1.     This Final Order approving this collective action settlement incorporates herein the Parties' Settlement Agreement. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. This Court has personal jurisdiction with respect to the claims of all Plaintiffs. Each Plaintiff previously signed a consent to join form filed with the Court consenting to join this action to pursue claims of unpaid overtime. Since then, adequate notice has been disseminated and all Plaintiffs included in the settlement have been given the opportunity to object to the settlement of this action. The Court also has subject matter jurisdiction over the matter, including jurisdiction to approve the proposed settlement and dismiss the collective action with prejudice.

3. On March 10, 2017, Judd filed his complaint against KeyPoint, alleging a putative collective action under the FLSA, 29 U.S.C. § 201 et seq. on behalf of himself and other Contract Investigators. Among other things, Judd (and another individual, Hettler, in an arbitration demand) alleges that KeyPoint violated the FLSA by misclassifying Contract Investigators, including Judd and Hettler, as independent contractors and by failing to pay overtime wages.

4. On August 16, 2018, Defendant filed its Answer in which it denied the material allegations asserted in the lawsuit; further denied that it violated the FLSA or any other law; and asserted numerous affirmative defenses to those claims.

5. In December 2018, the Court conditionally certified a collective of Contract Investigators and, at the end of the notice period, Plaintiffs' counsel filed a total of 378 consents to join, 307 of whom KeyPoint contends are subject to binding arbitration.

6. Subsequently, the Court dismissed 46 Opt-In Plaintiffs, either because their claims fell outside the applicable statute of limitations or because they chose to resolve their claims with KeyPoint without being represented by Plaintiffs' counsel.

7. Meanwhile, the parties agreed to participate in mediation for the remaining Opt-in Plaintiffs, who either did not have binding arbitration agreements or who were subject to KeyPoint's pending Motion to Compel Arbitration. The parties had two days of formal mediation

under the direction of experienced mediator Hunter Hughes, followed by subsequent arms-length negotiations, and eventually reached a settlement agreement in August 2020.

8. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

9. Under the terms of the agreement, Mr. Judd and the other remaining 331 Opt-In Plaintiffs whose last day of service with KeyPoint was within the applicable statute of limitations will receive $900,000.  KeyPoint will also separately pay $600,000 to cover attorneys' fees and litigation expenses incurred by Plaintiffs in this case, plus the settlement administration costs.  All of the Plaintiffs who remain in this case are part of the Agreement to resolve the matter.

10. The issues in this case were contested.  A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have experience litigating FLSA and state wage and hour claims.

11. In October 2020, and January 2021, the parties submitted Joint Motions for Approval of FLSA Collective Action Settlement (ECF Nos. 222 & 227), which the Court denied without prejudice (ECF Nos. 226 & 231).  The parties then submitted another Renewed Joint Request for Approval of FLSA Collective Action Settlement on April 16, 2021.  ECF No. 233.

12. On April 27, 2021, this Court granted final certification of the collective and granted preliminary approval of the settlement.  The Court directed the Parties to send notice to Opt-In Plaintiffs informing them of, among other things, the proposed settlement, their opportunity to object, and the date of a Fairness Hearing.  No Opt-In Plaintiffs have objected to the settlement.

13. The Parties' Joint Motion for Final Approval of FLSA Collective Action Settlement was filed on July 26, 2021.

14. The Parties have filed with the Court a declaration from the Settlement Administrator verifying that the Notice of Settlement was distributed to the Opt-In Plaintiffs in the form and manner approved by the Court. The declaration from the Settlement Administrator also verifies that no Opt-In Plaintiffs have objected to the proposed settlement.

15. The Fairness Hearing was convened as ordered on August 16, 2021.

16. The Court finds that the Opt-In Plaintiffs were given adequate notice of the pendency of this action, the proposed settlement, their opportunity to object, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of due process.

17. The Court finds that the proposed settlement was achieved in an adversarial context, that the plaintiffs are represented by attorneys who can protect their rights, that the settlement reflects a reasonable compromise over issues that actually are in dispute, that the settlement is fair, and that it contains an award of reasonable attorney fees and costs, and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).

18. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

19. The Court approves the method of calculation and proposed distribution of settlement payments, and orders that the settlement payments be distributed to Plaintiffs in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

20. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

21. The Court DISMISSES THIS ACTION WITH PREJUDICE, subject to the Court's continuing jurisdiction to enforce the Settlement Agreement.

22. The terms of the Settlement Agreement and this Final Order are binding on Named Plaintiff and all Opt-In Plaintiffs, including the Waiver and Release set forth in the Settlement Agreement.

23. The Court approves the Release of Claims; Waiver; Assignment of Rights ("Waiver and Release") set forth in Section VIII of the Settlement Agreement, which is incorporated herein in all respects, as to the Named Plaintiff and all Opt-In Plaintiffs. The Waiver and Release is effective as of the date of this Final Order.

24. Neither this Final Order, the Settlement Agreement, nor any other document filed in this case is, may be construed as, or may be used as an admission or concession of any form of liability or unlawful conduct.

25. The Parties are to bear their respective attorneys' fees and costs, except as provided in the Settlement Agreement.

26. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement.

27. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Honorable Raymond P. Moore
United States District Court Judge